IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                           No. CR 11-2972 RB

LARRY D. CRAVENS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion in Limine to Exclude Co-Conspirator's Acts and Statements (Doc. 515). Defendant moves to exclude any testimony or evidence related to the acts and statements of his co-conspirators on the grounds that (1) the Government cannot establish the existence of a conspiracy by a preponderance of the evidence so the statements are inadmissible hearsay as they do not meet the requirements of Federal Rule of Evidence 801(d)(2)(E); and (2) any probative value of such evidence is outweighed by the danger of unfair prejudice under FED. R. EVID. 403. Having carefully considered the submissions of counsel, relevant law, and the evidence presented at the *James* hearing, the Court grants the motion as to statements relating to the alleged single conspiracy and denies the motion as to statements relating to the alleged discrete conspiracy between Defendant and Angel Fierro.

      I.      **Background**

On November 29, 2011, Defendant and 16 co-defendants were charged in Count I of a two-count indictment with conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, contrary to 21 U.S.C. § 846. The co-defendants pleaded guilty. On January 16, 2013, the Government filed a five-count Superseding Indictment charging Defendant with:

(1) conspiracy to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846; (2) use of a communications facility to further the commission of a drug trafficking crime, in violation of 21 U.S.C. § 843(b), and aiding and abetting, in violation of 18 U.S.C. § 2; (3) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C), and aiding and abetting, in violation of 18 U.S.C. § 2; (4) use of a communications facility to further the commission of a drug trafficking crime, in violation of 21 U.S.C. § 843(b), and aiding and abetting, in violation of 18 U.S.C. § 2; and (5) use of a communications facility to further the commission of a drug trafficking crime, in violation of 21 U.S.C. § 843(b), and aiding and abetting, in violation of 18 U.S.C. § 2. Trial is set for October 21, 2013.

On October 15, 2013, the Court held a *James* hearing.[1] Drug Enforcement Administration Special Agent Conan Becknell testified that, beginning in August 2011, the Government intercepted telephone conversations between Manuel Fierro of Carlsbad, New Mexico, and Pablo Carrasco, of Ciudad Juarez, Mexico concerning shipments of methamphetamine from Ciudad Juarez to Carlsbad. On August 25, 2011, based on information gleaned from the intercepted calls, the Government seized nine pounds of methamphetamine from Rodrigo Carrillo, an associate of Manuel Fierro. Subsequently, on October 31, 2011, agents seized nine pounds of methamphetamine from Adrian Garcia, Paola Carrasco, Manuel Fierro, and Ty Grantham.

Between the two seizures, the Government intercepted the phone calls of Manuel Fierro and his associates, including Angel Fierro, who is not related to Manuel Fierro. During the course of the investigation, the Government learned that Manuel Fierro supplied methamphetamine to Angel Fierro, who in turn distributed the methamphetamine to other sellers, including Defendant, Josh Wallace, and Stacy Batie. Manuel Fierro was not the exclusive supplier of methamphetamine for Angel Fierro. For instance, when Manuel Fierro took two

---

[1] *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

2

weeks off from the drug trade after the August 25, 2011 seizure, Angel Fierro found another supplier.

Defendant had no direct involvement with Manuel Fierro. Rather, he dealt with Angel Fierro. In July 2011, Angel Fierro approached Defendant and offered to supply Defendant with methamphetamine for distribution. Defendant agreed. From July until November 2011, Angel Fierro fronted, i.e. sold with no cash up front, methamphetamine to Defendant at the rate of one to two ounces per week.

In 2013, Armando Valencia was arrested on an unrelated methamphetamine charge. After his arrest, Valencia debriefed and informed the Government that he purchased methamphetamine from Wallace in 2011. Additionally, Valencia related that, in August or September 2011, Wallace introduced Valencia to Defendant. During their first meeting, Defendant sold Valencia two ounces of methamphetamine for $3,000. About a week and a half later, Defendant sold Valencia seven grams of methamphetamine for $400. On November 30, 2011, Defendant called Valencia, who agreed to sell Defendant an eighth of an ounce of methamphetamine. However, prior to meeting with Valencia, Defendant obtained methamphetamine from another source and sold 1.7 grams to Valencia for $100.

##   II.   Discussion

"Hearsay means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c). Although hearsay statements are generally not admissible at trial, FED. R. EVID. 802, a statement made by a co-conspirator is not considered hearsay and may be admissible as substantive evidence "if the court finds that (1) a conspiracy existed; (2) both the declarant and the defendant against whom the declaration is offered were

members of the conspiracy; and (3) the statement was made in the course of and in furtherance of the conspiracy." *United States v. Thornburgh*, 645 F.3d 1197, 1210 (10th Cir. 2011) (quotation omitted); *see also* FED. R. EVID. 801(d)(2)(E). The government bears the burden of proving the existence of a conspiracy by a preponderance of the evidence. *United States v. Hall*, 473 F.3d 1295, 1302-03 (10th Cir. 2007).

The Government's theory of the case appears to be that Defendant was involved in a single conspiracy with Angel Fierro, Manuel Fierro, Pablo Carrasco, and their associates. Defendant contends that no evidence links him to such a grand conspiracy. The Tenth Circuit has observed that "[d]istinguishing between a single, large conspiracy and several smaller conspiracies is often difficult[.]" *United States v. Caldwell*, 589 F.3d 1323, 1330 (10th Cir. 2009). Notably, to prove a conspiracy, the Government must demonstrate: "(1) that two or more persons agreed to violate the law; (2) that the defendant knew at least the essential objectives of the conspiracy; (3) that the defendant knowingly and voluntarily became a part of it; and (4) that the alleged coconspirators were interdependent." *United States v. Sells*, 477 F.3d 1226, 1235 (10th Cir. 2007) (quotation and alteration omitted). In determining whether a single conspiracy existed, the "focal point of the analysis is whether the alleged coconspirators' conduct exhibited interdependence." *United States v. Edwards*, 69 F.3d 419, 432 (10th Cir. 1995). Interdependence exists where coconspirators "inten[d] to act together for their shared mutual benefit within the scope of the conspiracy charged." *United States v. Evans*, 970 F.2d 663, 671 (10th Cir. 1992).

In this case, the Government has not shown interdependence between Defendant and anyone other than Angel Fierro. The Government presented no evidence that Defendant had any dealings with Manuel Fierro or Pablo Carrasco. The fact that Wallace, another low level dealer, introduced Valencia to Defendant does not alter this conclusion. *See Caldwell*, 589 F.3d at 1330

4

(stating that sharing a common supplier, without more, does not demonstrate that two drug dealers are acting together for their shared mutual benefit.). Simply put, the Government did not establish by a preponderance of the evidence that Defendant, Pablo Carrasco, and Manuel Fierro "intended to act together for their shared mutual benefit within the scope of the conspiracy charged." *Caldwell*, 589 F.3d at 1330 (citing *Evans*, 970 F.2d at 670-71). Thus, the statements of Pablo Carrasco and Manuel Fierro are inadmissible hearsay as they do not meet the criteria of FED. R. EVID. 801(d)(2)(E).

Nonetheless, the Government established the existence of a conspiracy between Angel Fierro and Defendant. The Government has shown, by a preponderance of the evidence, that Defendant was a member of this discrete conspiracy and the statements between Angel Fierro and Defendant were made in furtherance of this conspiracy. These statements are therefore not hearsay as such statements meet the criteria of Rule 801(d)(2)(E).

Defendant contends that the statements should be excluded under Federal Rule of Evidence 403. Rule 403 permits the court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. The statements relating to the discrete conspiracy are highly probative as they constitute direct proof of the charged conduct. The Court assumes that the Government intends to introduce this evidence though the transcripts of the phone calls between Angel Fierro as well as the testimony of Angel Fierro. If this is the case, the potential for confusion of the issues would be low and the evidence would not be cumulative. Under these circumstances, the Court concludes that the probative value of the statements is not substantially outweighed by Rule 403 considerations. Thus, the evidence is admissible under Rule 403.

**THEREFORE,**

IT IS ORDERED that Defendant's Motion in Limine to Exclude Co-Conspirator's Acts and Statements is granted as to statements relating to the alleged single conspiracy and denied as to statements relating to the alleged discrete conspiracy between Defendant and Angel Fierro.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**