IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                                                                          **No. CR 11-2972 RB**

**LARRY D. CRAVENS,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion in Limine to Exclude Cooperating Witness Testimony Pursuant to Rule 404(b) (Doc. 518). Defendant moves to exclude the testimony of the Government's cooperating witness related to alleged uncharged drug transactions and drug use under Federal Rules of Evidence 404(b) and 403. Having carefully considered the submissions of counsel and relevant law, the Court denies this motion.

    **I.**    **Background**

On November 29, 2011, Defendant and 16 co-defendants were charged in Count I of a two-count indictment with conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, contrary to 21 U.S.C. § 846. The co-defendants pleaded guilty. On January 16, 2013, the Government filed a five-count Superseding Indictment charging Defendant with: (1) conspiracy to distribute more than 500 grams of methamphetamine from on or about August 2011 to on or about November 10, 2011, in violation of 21 U.S.C. § 846; (2) use of a communications facility to further the commission of a drug trafficking crime, in violation of 21 U.S.C. § 843(b), and aiding and abetting, in violation of 18 U.S.C. § 2; (3) possession with intent

to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C), and aiding and abetting, in violation of 18 U.S.C. § 2; (4) use of a communications facility to further the commission of a drug trafficking crime, in violation of 21 U.S.C. § 843(b), and aiding and abetting, in violation of 18 U.S.C. § 2; and (5) use of a communications facility to further the commission of a drug trafficking crime, in violation of 21 U.S.C. § 843(b), and aiding and abetting, in violation of 18 U.S.C. § 2. Trial is set for October 21, 2013.

## II.     Discussion

Defendant seeks an order excluding the testimony of the Government's cooperating witness related to Defendant's alleged uncharged drug transactions and drug use on the grounds that (1) the evidence is inadmissible under Federal Rule of Evidence 404(b); and (2) any probative value of such evidence is outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403. The Government responds that it does not intend to present evidence of Defendant's drug use unless Defendant opens the door for such evidence by making his drug use an issue at trial. With regard to the uncharged drug transactions, the Government intends to call a cooperating witness to testify that Defendant sold methamphetamine to the witness on three occasions from August 2011 to November 30, 2011.

Rule 404(b) prohibits the admission of evidence of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." FED. R. EVID. 404(b). However, Rule 404(b) "only applies to evidence of acts extrinsic to the charged crime." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011). "If the contested evidence is intrinsic to the charged crime, then Rule 404(b) is not even applicable." *Id.* "Other act evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were

necessary preliminaries to the crime charged." *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993). The Tenth Circuit has explained:

> Generally speaking, intrinsic evidence is that which is directly connected to the factual circumstances of the crime and provides contextual background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense.

*United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009) (internal quotation marks and citation omitted).

It is anticipated that the Government will call Armando Valencia to testify that, in August or September 2011, Defendant sold Valencia two ounces of methamphetamine for $3,000. About a week and a half later, Defendant sold Valencia seven grams of methamphetamine for $400. On November 30, 2011, Defendant called Valencia, who agreed to sell Defendant an eighth of an ounce of methamphetamine. However, prior to meeting with Valencia, Defendant obtained methamphetamine from another source and sold 1.7 grams to Valencia for $100. Count 1 of the Superseding Indictment charges Defendant with conspiracy to distribute methamphetamine from August 2011 to on or about November 10, 2011. Because evidence that Defendant sold methamphetamine during this time period is direct proof of this crime, the evidence is intrinsic.

Intrinsic other act evidence is subject to Federal Rule of Evidence 403. Rule 403 permits the court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Evidence that Defendant sold methamphetamine during the charged time period is highly probative as it constitutes direct proof of the charged conduct. The Court assumes the Government intends to introduce this evidence though the testimony of Armando Valencia. If this is the case, the potential for

confusion of the issues would be minimal and the evidence would not be cumulative. Under these circumstances, the Court concludes that the probative value of the statements is not substantially outweighed by Rule 403 considerations. Thus, the evidence is admissible under Rule 403.

**THEREFORE,**

IT IS ORDERED that Defendant's Motion in Limine to Exclude Cooperating Witness Testimony Pursuant to Rule 404(b) (Doc. 518) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**