IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                 No. CR 11-2972 RB

LARRY D. CRAVENS,

      Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion in Limine to Exclude Agent Lundvall's Testimony Regarding Intercepted Telephone Calls (Doc. 517). Defendant seeks to exclude the testimony of Drug Enforcement Special Agent Magnus Lundvall under Federal Rules of Evidence 704(b) and 403. Having carefully considered the submissions of counsel, relevant law, the Court grants this motion in part.

    **I.**    **Background**

On November 29, 2011, Defendant and 16 co-defendants were charged in Count I of a two-count indictment with conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, contrary to 21 U.S.C. § 846. The co-defendants pleaded guilty. On January 16, 2013, the Government filed a five-count Superseding Indictment charging Defendant with: (1) conspiracy to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846; (2) use of a communications facility to further the commission of a drug trafficking crime, in violation of 21 U.S.C. § 843(b), and aiding and abetting, in violation of 18 U.S.C. § 2; (3) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1)

and (b)(1)(C), and aiding and abetting, in violation of 18 U.S.C. § 2; (4) use of a communications facility to further the commission of a drug trafficking crime, in violation of 21 U.S.C. § 843(b), and aiding and abetting, in violation of 18 U.S.C. § 2; and (5) use of a communications facility to further the commission of a drug trafficking crime, in violation of 21 U.S.C. § 843(b), and aiding and abetting, in violation of 18 U.S.C. § 2. Trial is set for October 21, 2013.

## II.     Discussion

Defendant seeks to exclude Agent Lundvall's expert testimony as to the significance of language intercepted on the wiretaps on the grounds that (1) such testimony would not assist the jury and would usurp the jury's role under FED. R. EVID. 704(b); and (2) any probative value of such testimony is outweighed by the danger of unfair prejudice under FED. R. EVID. 403. The Government responds that Agent Lundvall will not testify about the general meaning of intercepted conversations between Angel Fierro and Defendant or his opinion on the meaning of non-code words. However, the Government intends to elicit testimony from Agent Lundvall as to the meaning of the terms "paper" and "paint" as used in intercepted conversations between Angel Fierro and Defendant.

A law enforcement officer may testify as an expert witness regarding drug trafficking activities. *See, e.g., United States v. Quintana*, 70 F.3d 1167, 1170-71 (10th Cir. 1995) (officer testified as an expert in explaining the drug jargon used in wiretap evidence); *United States v. Muldrow*, 19 F.3d 1332, 1338 (10th Cir. 1994) (officer testified as an expert about "drug trafficking in the community, amounts of cocaine sold on the streets, the prices of cocaine," what qualifies as a large amount of cocaine, the dangers in transporting large amounts of drugs, and whether a particular amount was intended for distribution or personal use); *United States v. Garcia*, 994 F.2d 1499, 1506 (10th Cir. 1993) (FBI language specialist gave expert opinion on

"jargon used in drug trade"); *United States v. Sturmoski*, 971 F.2d 452, 459 (10th Cir. 1992) (agent qualified to testify as an expert on the value of methamphetamine); *United States v. Harris*, 903 F.2d 770, 775-76 (10th Cir. 1990) (FBI agent testified as an expert about whether documents "had characteristics consistent with records of a drug business").

Courts have specifically held that law enforcement agents may explain the use and meaning of "codes and jargon developed by drug dealers to camouflage their activities." *See United States v. Cruz*, 363 F.3d 187, 193 (2d Cir. 2004). Agents may interpret "code language" in conversations that are readily understandable, and offer testimony that certain "code words" refer to specific drugs. *See United States v. Dukagjini*, 326 F.3d 45, 50-53 (2d Cir. 2003) (upholding an interpretation of code words even though the conversation could be understood as relating to the sale of t-shirts). However, agents may neither interpret code words beyond the "ambit of drug jargon," nor "draw conclusions as to the significance of . . . conduct or evidence in [a] particular case." *Cruz*, 363 F.3d at 193, 197. Therefore, Agent Lundvall's opinion testimony would conform to Rule 704(b) if it stays within these parameters.

Additionally, Defendant asserts that the testimony should be excluded under Federal Rule of Evidence 403. Rule 403 permits the court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. If Angel Fierro testifies as to the meaning of the terms "paper" and "paint," Agent Lundvall's testimony would be cumulative and would bolster the testimony of a cooperating witness. Accordingly, if Angel Fierro testifies as to the meaning of the words "paper" and "paint" as used in his intercepted conversations with Defendant, the Government must request a bench conference before eliciting similar testimony from Agent Lundvall.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion in Limine to Exclude Agent Lundvall's Testimony Regarding Intercepted Telephone Calls (Doc. 517). is **GRANTED IN PART**.

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**